IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GEORGE M.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Soc. Sec. Admin,

    Defendant.

Case No. 3:21-cv-00203-TMB

# ORDER

George M. ("Plaintiff"), by and through his attorneys, Dellert Baird Law Offices, PLLC, and Defendant, Kilolo Kijakazi (the "Commissioner") have stipulated to an award of $7,174.49 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA") and $402.00 in costs pursuant to 31 U.S.C. § 1304 and 28 U.S.C. § 1920.[2] Accordingly, and for the reasons that follow, the parties' Stipulated Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) is **GRANTED**.

## I.    BACKGROUND

Plaintiff initiated this action on September 9, 2021, after exhausting his administrative remedies.[3] On July 15, 2022, this Court ordered remand for further

---

[1] Plaintiff's name is partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Docket 18 (Stipulated Motion).

[3] Docket 1 (Compl.).

administrative proceedings.[4]  Plaintiff filed the pending Stipulated Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) on September 23, 2022.[5]

## II. DISCUSSION

In any civil action brought by or against the United States, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[6]  In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."  Such a plaintiff is a prevailing party "even when the case has been remanded for further administrative action."[7]  The fee applicant has the burden of establishing his entitlement to an award and documenting the appropriate hours expended,[8] and the United States has the burden of proving its position was "substantially justified" or that "special circumstances make an award unjust."[9]  A court applies the "lodestar" method to determine what constitutes a reasonable attorney's fee for

---

[4] Docket 16 (Decision and Order), Docket 17 (Judgment on July 25, 2022).

[5] Docket 18.

[6] 28 U.S.C. § 2412(d)(1)(A).

[7] *Akopyan v. Barnhart,* 296 F.3d 852, 854 (9th Cir. 2002) (internal citations omitted).

[8] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (superseded on other grounds by the Prison Litigation Reform Act)); *see also* 28 U.S.C. § 2412(d)(1)(B) (setting out prescriptions on what an applicant must show to receive award).

[9] 28 U.S.C. § 2412(d)(1).

civil rights cases.[10] "To calculate the lodestar amount, a court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate."[11]

Here, the Commissioner agrees that Plaintiff is entitled to an award of attorney fees under the EAJA and does not dispute Plaintiff's hourly rate or the requested amount for attorney fees in this case. The Commissioner also does not dispute Plaintiff's request for $402 reimbursement for filing fees.[12]

### III. CONCLUSION

The Court finds that Plaintiff is entitled to an award under the EAJA. Therefore, the Court **GRANTS** Plaintiff's Stipulated Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) at Docket 18. Plaintiff is awarded EAJA fees in the amount of **$7,174.49** in attorney's fees and **$402.00** in costs.

Pursuant to the EAJA and consistent with *Astrue v. Radliff*,[13] the Commissioner shall contact the Department of Treasury to determine if this award is subject to any offset. If the Department of Treasury verifies that Plaintiff does not owe a debt, the Commissioner shall honor Plaintiff's assignment of his EAJA award and pay the above amount directly to Plaintiff's counsel. If there is an offset,

---

[10] *Hensley,* 461 U.S. at 433.

[11] *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1135 (internal citations and quotations omitted).

[12] Docket 18.

[13] 560 U.S. 586 (2000).

any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices. Plaintiff's attorney will refund to Plaintiff any money paid toward these costs.

Whether the check is made payable to Plaintiff or to his attorney, the check shall be mailed to his counsel at: Dellert Baird Law Offices, PLLC, P.O. Box 429, Spanaway, WA 98387.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2022.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00203-TMB
Order EAJA Atty Fees
Page 4 of 4
Case 3:21-cv-00203-TMB   Document 19   Filed 09/28/22   Page 4 of 4